**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Andre Williams, | ) | Civil Action No.  9:26-cv-93-RMG |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| John Doe, Eurovia Atlantic Coast, LLC, | ) | **NOTICE OF REMOVAL** |
| | ) | |
|         Defendants. | ) | |
| _____ | ) | |

TO:   THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, BEAUFORT DIVISION:

The Petitioners, Defendants John Doe and Eurovia Atlantic Coast, LLC (hereinafter "Defendants"), by and through their undersigned counsel, show this Court that:

Defendants remove the case *Andre Williams v. John Doe, Eurovia Atlantic Coast, LLC*, C/A No. 2025-CP-27-00712 (the "State Court Action") to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of the removal, Defendants state as follows:

1. On November 17, 2025, Plaintiff filed the State Court Action in the South Carolina Court of Common Pleas for the Fourteenth Judicial Circuit, Jasper County, South Carolina.

2. Upon information and belief, on December 12, 2025, Defendant Eurovia Atlantic Coast, LLC was served with this action.  As of the filing of this Notice of Removal, the undersigned is unsure what date Defendant John Doe was served, or if service on Defendant Doe has been perfected to date.

3. This is a civil action asserting claims pursuant to South Carolina law.

4. This action involves a single-vehicle automobile collision that allegedly occurred on

or about July 11, 2023, on Interstate 95 at the Exit 33 ramp and involving the Plaintiff. As a result of the accident in question, Plaintiff claims personal injuries and other damages.

5. Defendant Eurovia Atlantic Coast, LLC is domiciled in the State of Delaware. Defendant John Doe was the alleged employee of Defendant Eurovia Atlantic Coast, LLC at the time of the subject accident. It is alleged that Defendant Doe is a citizen and resident of Charleston County, South Carolina. However, the undersigned has no information about any alleged employee at this time and cannot verify this allegation.

6. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332: Diversity Jurisdiction.

7. Plaintiff alleges that he is a citizen and resident of the State of Georgia. Compl. ¶ 1.

8. Defendant Eurovia Atlantic Coast, LLC is an entity organized and existing under the laws of the State of Delaware. Plaintiff's Complaint alleges this much. Compl. ¶ 2.

9. The allegations in Plaintiff's Complaint appear to be typical allegations in a single-vehicle automobile collision action against Defendant Eurovia. Upon information and belief, there is no indication that the individual Defendant, John Doe, is being sued in any personal capacity or for any personal actions or inactions related to the incident in question. Compl. ¶ 6-17.

10. No other Defendant is a citizen of South Carolina for purposes of 28 U.S.C. § 1332.

11. Defendant John Doe was "fraudulently joined" to this action because there is no possibility, based on the pleadings, that Plaintiff can state a cause of action against Defendant John Doe in state court.[1]

---

[1] "'Fraudulent joinder' is a term of art, [and] it does not reflect on the integrity of plaintiff or counsel . . .." *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (internal quotation marks omitted).

12. Plaintiff has nothing to gain from joining Defendant John Doe except for defeating diversity.

13. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because, once the citizenship of fraudulently joined Defendant John Doe is disregarded, this civil action is between citizens of different States, and the matter in controversy appears to exceed the sum of $75,000.[2]

14. Because Plaintiff's claims are within this Court's original jurisdiction under 28 U.S.C. § 1332 and because the Defendant who was not fraudulently joined are not citizens of South Carolina, this case is removable to this Court pursuant to 28 U.S.C. § 1441(b).

15. Therefore, complete diversity exists because this action is between citizens of different states and the amount in controversy appears to exceed $75,000.00; thus, this Court has jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1332 and this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

16. The Summons and Complaint was served on Defendant Eurovia on or about December 12, 2025.

17. Therefore, pursuant to 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days of service of the initial pleading.

18. Copies of all state court pleadings that have been e-filed in the above-entitled action are attached as Exhibit A.

19. The Clerk of Court for Common Pleas in Jasper County, South Carolina, will be provided with a copy of this Notice of Removal via the South Carolina e-filing system. Additionally, the undersigned counsel will be serving a copy of this Notice on counsel for Plaintiff.

---

[2] Plaintiff's Complaint is silent as to the amount in controversy. Based on pre-suit documents produced by Plaintiff's counsel, the undersigned believes the Plaintiff's claims and amount in controversy exceed $75,000.00.

WHEREFORE, Defendants respectfully request that this case proceed as an action properly removed to the United States District Court for the District of South Carolina.

Respectfully submitted,

*s/Brandon P. Jones*
Brandon P. Jones, FED ID# 10884
Holder Padgett Littlejohn + Prickett, LLC
2422 Devine Street, Suite A
Columbia, SC 29205
Tel: (803) 567-1130
Email: bjones@hplplaw.com
Attorney for Defendants

Columbia, South Carolina
January 9, 2026