IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Andre Williams, | ) | C/A No.: 9:26-cv-00093-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER OF DEFENDANT** |
| v. | ) | **EUROVIA ATLANTIC COAST,** |
| | ) | **LLC TO PLAINTIFF'S** |
| John Doe and Eurovia Atlantic Coast, LLC, | ) | **COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| Defendants. | ) | |

TO:   COOPER KLAASMEYER, ESQUIRE, ATTORNEY FOR PLAINTIFF:

Defendant Eurovia Atlantic Coast, LLC (hereinafter "Defendant"), by and through its undersigned counsel, not waiving, but specifically reserving its right to be heard under all Rule 12 Motions, answering the Plaintiff's Complaint herein, would respectfully show unto the Court that:

**FOR A FIRST DEFENSE**

1.   Each and every allegation contained within the Complaint not hereinafter specifically admitted, qualified, or explained is denied.

2.   Lacks sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint, and therefore, denies the same and demands strict proof thereof.

3.   Admits only so much of the allegations of Paragraph 2 of the Complaint as would allege that Defendant is an entity organized and existing under the laws of the State of Delaware and may be served through its registered agent. Defendant denies the remaining allegations of Paragraph 2 of the Complaint and demands strict proof thereof.

4.   Denies the allegations of Paragraphs 3, 4, 5, 6, and 7 of the Complaint and demands strict proof thereof.

5. Denies the allegations of Paragraph 8 of the Complaint to the extent they allege anything related to or wrongdoing against Defendant. In further responding, Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 8 of the Complaint, and therefore, denies the same and demands strict proof thereof.

6. Denies the allegations of Paragraph 9 of the Complaint and demands strict proof thereof.

7. Paragraph 10 of the Complaint can be neither admitted nor denied and the Defendant herein reasserts and realleges its responses to the prior allegations of the Complaint as set forth herein.

8. Denies the allegations of Paragraphs 11, 12 (including all sub-parts), 13, 14 (including all sub-parts), 15, 16, and 17 of the Complaint and demands strict proof thereof.

9. Defendant denies all remaining allegations contained within the Complaint, including the Paragraph beginning, "WHEREFORE," including Plaintiff's prayers for judgment, actual and punitive damages, interest, costs, attorney's fees, or any other relief requested, and prays that the action against Defendant be dismissed.

**FOR A SECOND DEFENSE**

10. The Complaint fails to state a cause of action against Defendant.

**FOR A THIRD DEFENSE**

11. The Complaint fails to state a claim against Defendant upon which relief can be granted.

**FOR A FOURTH DEFENSE**

12. Such injuries or losses as the Plaintiff sustained, if any, and the same are hereby expressly denied, were due to and caused by the contributory negligence, carelessness,

recklessness, and wantonness of Plaintiff, and Defendant pleads Plaintiff's contributory negligence as a complete bar to the action.

### FOR A FIFTH DEFENSE

13. Defendant would further show, upon information and belief, and in the alternative, that if Defendant was negligent, which Defendant denies, then Plaintiff was likewise negligent and Plaintiff's negligence, carelessness, and recklessness directly and proximately caused Plaintiff's damages and injuries and that Plaintiff's negligence, carelessness, and recklessness exceed any negligence, carelessness, or recklessness on the part of Defendant, and therefore, Defendant pleads Plaintiff's greater degree of comparative fault as a complete bar to Plaintiff's recovery against Defendant.

### FOR A SIXTH DEFENSE

14. If Defendant was negligent in any respect, which is expressly denied, and if Defendant's conduct operated as any cause of Plaintiff's injuries or damages, if any, which is also expressly denied, Defendant is entitled to a determination as to the percentage of Plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct contributed to this incident and to a reduction of any amount awarded to Plaintiff equal to the percentage of Plaintiff's own negligence, gross negligence, recklessness, willful and wanton conduct.

### FOR A SEVENTH DEFENSE

15. Defendant denies any negligence whatsoever and allege that the sole negligent acts and omissions of Plaintiff were the sole and proximate cause of his own injuries, if any.

16. These acts and omissions by Plaintiff were the sole and proximate cause of his injuries, if any, and therefore, the action against the Defendant should be dismissed.

## FOR AN EIGHTH DEFENSE

17. Defendant denies any negligence whatsoever and alleges that the sole negligent acts of a third party or parties were the sole and proximate cause of injuries and damages to Plaintiff, if any, and any one or more of those parties caused the injuries and damages to Plaintiff.

18. These acts and omissions by the third party or parties were the sole and proximate cause of any injuries or damages to Plaintiff, and therefore, the action against Defendant should be dismissed.

## FOR A NINTH DEFENSE

19. Defendant asserts that even if it was negligent or reckless in any respect, which is expressly denied, it is not liable to Plaintiff for the resulting damages, if any, because of the intervening negligent, grossly negligent, reckless, willful and wanton acts of third parties, including those parties whose identities are unknown at the present time, which negligent and reckless acts on their part were not reasonably foreseeable, and intervened and acted as the direct and proximate cause of the damages, if any, sustained by Plaintiff.

20. Defendant asserts that the intervening acts of a third party or parties were the sole and proximate cause of injuries to Plaintiff and the action should be dismissed.

## FOR A TENTH DEFENSE

21. Defendant would show, upon information and belief, that the accident alleged in the Complaint was an accident which was allegedly brought about by acts and events over which the Defendant could not have foreseen, and which the Defendant had no role in causing, and Defendant, therefore, pleads the defense of unavoidable accident as it pertains to the Defendant.

**FOR AN ELEVENTH DEFENSE**

22. Defendant would show the Plaintiff's claim for punitive damages is violative of the due process and equal protection laws of the United States Constitution and the Constitution of the State of South Carolina.

**FOR A TWELFTH DEFENSE**

23. Pursuant to S.C. CODE ANN. § 15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and/or compensatory damages.

**FOR A THIRTEENTH DEFENSE**

24. Any award of punitive damages should not exceed the greater of three (3) times the amount of compensatory damages as provided for in S.C. CODE ANN. § 15-32-530.

**FOR A FOURTEENTH DEFENSE**

25. The Plaintiff, at all times mentioned in the Complaint, having full knowledge and conditions existing at or near the place where the accident occurred, assumed the risk of injury to himself and others, in failing to use due care, in failing to keep a proper lookout, in failing to keep his vehicle under proper control, in driving too fast for conditions, in speeding through a construction zone, in failing to have and maintain properly working and/or functioning brakes, in operating his vehicle in violation of the Federal Motor Carrier Safety Regulations, in failing to exercise a degree of care and caution that a reasonably prudent person would have used under the circumstances then and there prevailing, and such other acts as may be discovered during the litigation of this matter; any injury or damages resulting from the accident complained of was sustained by Plaintiff by reason of such assumption of risk to himself or otherwise, and therefore, Plaintiff is barred from recovery.

**FOR A FIFTEENTH DEFENSE**

26.     Defendant did not have any actual or constructive notice of any alleged defect or condition which may have been the proximate cause, or even contributed to, the Plaintiff's alleged injuries and damages, and therefore, the action against it must be dismissed.

**FOR A SIXTEENTH DEFENSE**

27.     Defendant did not breach any duties owed to Plaintiff, nor did Defendant commit any acts or omissions which proximately caused any injuries or damages to the Plaintiff, if any.

**FOR A SEVENTEENTH DEFENSE**

28.     Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and thus, reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Defendant prays that the Plaintiff's action be dismissed, or in the alternative, for a jury trial, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

*s/Brandon P. Jones*
Brandon P. Jones, FED ID #10884
Holder Padgett Littlejohn + Prickett, LLC
2422 Devine Street, Suite A
Columbia, SC 29205
Tel: (803) 567-1130
Email: bjones@hplplaw.com
Attorney for Defendant

Columbia, South Carolina
January 29, 2026