IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Andre Williams,<br><br>              Plaintiff,<br><br>v.<br><br>John Doe and Eurovia Atlantic Coast, LLC,<br><br>              Defendants. | C/A No.: 9:26-cv-00093-RMG<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT JOHN DOE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

TO:   COOPER KLAASMEYER, ESQUIRE, ATTORNEY FOR PLAINTIFF:

Defendant John Doe, by and through their undersigned counsel, submits this Memorandum in Support of their Motion to Dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND/FACTS**

This action arises out of a single vehicle accident involving the Plaintiff that occurred in the middle of the night on July 11, 2023 as Plaintiff was operating his tractor-trailer tanker and traveling on Interstate 95. According to Plaintiff's Complaint, on the date in question, "[e]mployees of Defendant Eurovia were performing road construction on Interstate 95 and the Exit 33 Ramp." (ECF No. 1-1 at 4). He claims that Defendant John Doe (hereinafter "Defendant Doe") was an employee of Defendant Eurovia Atlantic Coast, LLC and alleges, vaguely, that Defendant Doe "was performing road construction work," and that Defendant Doe "is a citizen and resident of South Carolina." *Id.* At 3. Plaintiff then goes on to allege, differently, that some time prior to the accident date, "Defendant John Doe placed cones and other traffic control devices in an unsuitable manner." *Id.* At 4. Plaintiff claims that as he approached the Exit 33 ramp, he "attempted to maneuver around the road obstruction created by Defendants John Doe and Eurovia

1

but was forced to run off the road." *Id.* He does not specify what the alleged "road obstruction" is that he alleges. As a result, Plaintiff claims personal injuries and other damages.

The South Carolina Highway Patrol investigated the accident in question. As part of its investigation, it found that Plaintiff (operating his large commercial motor vehicle) was traveling 60 miles per hour in a 45 miles per hour zone, drove too fast for conditions, ran off the right side of the roadway, struck the ditch, and overturned. *See* South Carolina Traffic Collision Report Form TR-310 (attached hereto as Exhibit A). Plaintiff was found to be the sole contributor to the accident. *Id.* Notes from the investigating officer state that Plaintiff was traveling in a construction zone with a speed limit of 45 miles per hour. *See* Officer Notes (attached hereto as Exhibit B). The notes further state that there was a flashing light with an arrow that instructed to "move right." *Id.* Notably, nowhere in the law enforcement investigative documentation is there any mention of there being any issues with or misplacement of construction, cones, or traffic control devices, or that they in any way caused or contributed to the Plaintiff's accident.

On November 17, 2025, Plaintiff filed this action in the Jasper County Court of Common Pleas. The action was filed against Defendants Eurovia (a Delaware-based entity) and Doe (alleged to be a South Carolina citizen and resident). (ECF No. 1-1). Plaintiff alleges, essentially, negligence and negligence per se against Defendants. *Id.* On January 9, 2026, Defendants timely removed this action to this Court, on the grounds that there is diversity of citizenship because the alleged citizenship of Defendant Doe should be disregarded due to them being fraudulently joined. (ECF No. 1). Simply put, Plaintiff's claims are not actionable against Defendant Doe. Plaintiff cannot state a claim against Defendant Doe and this action must be dismissed as against Defendant Doe pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**LEGAL STANDARD**

A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court if the case could have been brought there originally. 28 U.S.C. § 1441.  Removal of a case from state to federal court may be accomplished through 28 U.S.C. § 1441(a), which states in relevant part: "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  The party seeking removal bears "the burden of establishing federal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Moreover, the Fourth Circuit has held that removal jurisdiction is to be strictly construed in light of federalism concerns. *See Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005).  If federal jurisdiction is doubtful, remand to state court is required. *Id.* at 441.  District courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

However, the parties may find an exception to the well-settled complete diversity rule in the fraudulent joinder doctrine.  A claim of fraudulent joinder permits the district court to "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants" upon a showing either that "(1) plaintiff committed outright fraud in pleading jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the in state defendant in state court." *Weidman v. Exxon Mobile Corp.*, 774 F.3d 214, 218 (4th Cir. 2015); *see also Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1016 (4th Cir. 2014) (calling test for fraudulent joinder "our longstanding 'glimmer of hope' test").

The defendant carries the burden to prove fraudulent joinder. *Wygal v. Litton Loan Servicing LP*, No. 5:09-cv-322, 2009 WL 2524701, at 2 (S.D. W. Va. Aug. 18, 2010). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)" and the Plaintiff need not establish that he will ultimately succeed on his claims; "[t]here need be only a slight possibility of a right to relief." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). Importantly, the court may also consider facts in the record <u>outside of the pleadings</u> in determining whether fraudulent joinder has occurred. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (emphasis added).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court must determine whether the factual allegations in a complaint state a plausible claim for relief based on "judicial experience and common sense." *Id.* at 679.

However, "the court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n. 26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). "The Court is not required, even on a Rule 12 motion to dismiss, to accept bald assertions and conclusions of law that fail to set forth a 'plausible' claim for relief." *Ray v. Simon*, C/A No. 9:13-2013-SB-BHH, D.S.C. Feb. 14, 2014 (quoting *Iqbal*, 129 S. Ct. at 1949); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) ("While

the pleading standard is a liberal one, bald assertions and conclusions of law are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.").

## DISCUSSION/ARGUMENT

Plaintiff, generally, has asserted a negligence cause of action against the Defendants, including Defendant Doe. To prove negligence, "the plaintiff must show: (1) defendant owes a duty of care to the plaintiff; (2) defendant breached the duty by a negligent act or omission; (3) defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) plaintiff suffered an injury or damages." *Doe v. Marion*, 361 S.C. 463, 470, 605 S.E.2d 556, 560 (Ct. App. 2004), *aff'd*, 373 S.C. 390, 645 S.E.2d 245 (2007) (citations omitted). "To sustain an action for negligence, it is essential the plaintiff demonstrate the defendant breached a duty of care owed to the plaintiff. The existence of a duty owed is a question of law for the courts." *Id.* (citations omitted). In a negligence action, if no duty exists, the defendant is entitled to judgment as a matter of law. *Id.* (citing *Simmons v. Tuomey Reg'l Med. Ctr.*, 341 S.C. 32, 39, 533 S.E.2d 312, 316 (2000)). Under South Carolina law, a "duty of care is that standard of conduct the law requires of an actor to protect others against the risk of harm from his actions. A duty of care arises only with respect to a danger apparent to one in the actor's position before the harm occurs." *Smalls v. Wal-Mart Stores E., LP*, No. 2:20-CV-01269-DCN, 2020 WL 7332925, at *3 (D.S.C. Dec. 14, 2020). "An affirmative legal duty exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance." *Hendricks v. Clemson Univ.*, 578 S.E.2d 711, 714 (S.C. 2003).

Here, it is clear that Plaintiff has not properly pled or even presented any viable claim or cause of action against Defendant Doe upon which relief can be granted. Defendant Doe is generally alleged to be an employee of Defendant Eurovia, but other than this bald assertion in the

Complaint, there is no indication that any such employee as alleged exists. Further, the specific conduct alleged by Defendant Doe is vague, at best. Plaintiff alleges that Defendant Doe performed construction work and placed cones and other devices, but does not specifically allege or detail how those alleged acts actually caused the accident in question or Plaintiff's alleged damages. Further, the Complaint is noticeably silent on timing – i.e., when such cones or devices were placed. On top of that, the information contained within the South Carolina Highway Patrol documents in no way implicates, let alone mentions, Defendant Doe or any of the alleged construction or traffic control issues as alleged in the Complaint. While Plaintiff vaguely alleges that Defendant Doe owed a duty to Plaintiff and breached their duty, the Complaint is not specific enough in its allegations to be viable as against Defendant Doe. Such bald assertions fail to set forth a plausible claim against Defendant Doe. It seems clear that the entire purpose for including Defendant Doe as a party in this case was to defeat diversity in a case that is otherwise diverse and properly within this Court's jurisdiction. With no seemingly viable claims or causes of action against Defendant Doe, it is clear that Defendant Doe should be dismissed from this action.

## **CONCLUSION**

As set forth above, Plaintiff's Complaint lacks an articulated factual or legal basis sufficient to demonstrate that Plaintiff has any legitimate claim against Defendant Doe. Defendant Doe is, essentially, an unknown and alleged individual with a fictitious name at best or a sham at worst. Therefore, Plaintiff's claims and causes of action against Defendant Doe fail and should be dismissed pursuant to Rule 12(b)(6), FRCP. Accordingly, Defendant Doe respectfully requests this Court grant their Motion to Dismiss and dismiss Plaintiff's Complaint against them with prejudice.

(SIGNATURE PAGE TO FOLLOW)

                    Respectfully submitted,

                    *s/Brandon P. Jones*
                    Brandon P. Jones, FED ID #10884
                    Holder Padgett Littlejohn + Prickett, LLC
                    2422 Devine Street, Suite A
                    Columbia, SC 29205
                    Tel: (803) 567-1130
                    Email: bjones@hplplaw.com
                    Attorney for Defendant

Columbia, South Carolina
January 30, 2026