IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

|  |  |  |
|---|---|---|
| Andre Williams, | ) | C/A No.: 9:26-cv-00093-RMG |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **JOINT ANSWERS TO LOCAL** |
| v. | ) | **RULE 26.03 INTERROGATORIES** |
|  | ) |  |
| Eurovia Atlantic Coast, LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

The parties, by and through their respective undersigned counsel, hereby jointly answer the Court's Local Civil Rule 26.03, D.S.C., Interrogatories as follows:

1.      A short statement of the facts of the case.

**RESPONSE**: This action arises out of a single-vehicle tractor-trailer incident that took place in the early morning hours of July 11, 2023, on or around the Exit 33 ramp on Interstate 95 Northbound, near Point South, South Carolina.  Plaintiff Andre Williams was operating the tractor-trailer.  Plaintiff alleges that while driving through a construction zone, he encountered improperly placed cones and other traffic control devices.  Plaintiff alleges that he attempted to maneuver around these, but was forced to run off of the roadway.  As a result of the incident in question, Plaintiff alleges personal injuries and other damages.  Plaintiff alleges, among other things, negligence on the part of Defendant.  Defendant disputes Plaintiff's allegations and has denied them in its Answer to the Plaintiff's Complaint.

2.      The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE**: a.      Andre Williams – Mr. Williams is the Plaintiff in this action and is expected to testify concerning his knowledge of and circumstances

1

surrounding the incident in question and his resulting damages and medical treatment.

b.  TFC D.W. Farr – Trooper Farr investigated the incident in question. It is expected that he will testify as to his knowledge of and involvement in the incident in question, including, but not limited to, matters regarding his South Carolina Traffic Collision Report, his investigation, and his observations and findings.

c.  Representative(s) of Eurovia Atlantic Coast, LLC – Eurovia Atlantic Coast, LLC is the Defendant in this action. One or more of its representatives are expected to testify concerning their knowledge of and circumstances surrounding the incident in question.

d.  Representative(s) of Stay Alert Safety Services, LLC – Stay Alert Safety Services, LLC was a subcontractor of Eurovia Atlantic Coast, LLC on the project in the area in question in this action. One or more of its representatives are expected to testify concerning their knowledge of and circumstances surrounding the incident in question.

e.  Representative(s) of G&W Tanks, LLC – G&W Tanks, LLC was Plaintiff's employer at the time of the incident in question in this action. One or more of its representatives are expected to testify concerning their knowledge of and circumstances surrounding the incident in question, as well as their knowledge of Plaintiff's employment, the vehicle being operated by the Plaintiff at the time of the incident in question, and possibly Plaintiff's resulting damages and medical treatment.

f.  Representatives of the South Carolina Department of Environmental Services – SCDES responded to the incident in question and was in charge of the scene cleanup. One or more of its representatives are expected to testify as to their knowledge or and circumstances surrounding the incident in question and their involvement in the clean up of the scene.

g.  Representatives of the Marine Corps Fire & Emergency Services MCAS Beaufort FD – MCAS Beaufort FD responded to the incident scene. One or more of its representatives are expected to testify as to their knowledge or and circumstances surrounding the incident in question and their investigation.

2

h.      Medical personnel who treated Plaintiff following the incident in question in this action are expected to testify concerning their treatment of Plaintiff.

All parties reserve the right to name and call any and all witnesses identified by the parties and discovered during the litigation of this action.

3.      The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE**: No experts have been identified at this time.  The parties reserve the right to do so at a later date and in accordance with the Court's Scheduling Order in place in this action. The parties anticipate medical expert witnesses, accident reconstruction experts, highway traffic control (MOT) experts, and potentially FMCSR experts.  All parties reserve the right to name and call any and all expert witnesses identified by the parties and discovery during the litigation of this action.

4.      A summary of the claims or defenses with statutory and/or case citations supporting the same.

**RESPONSE**: Plaintiff has asserted a claim of negligence against Defendant.  Plaintiff's claim will be based upon the statutory and decisional law of the State of South Carolina and the United States of America.

Defendant has asserted the following defenses, based upon the statutory and decisional law of the State of South Carolina and the United States of America:

1.      General denial;
2.      Failure to state a claim;
3.      Contributory, sole, and comparative negligence of the Plaintiff;
4.      Sole and intervening negligence of third party(ies);
5.      Lack of proximate cause;
6.      Unavoidable accident;

7. Unconstitutionality of punitive damages; bifurcation of punitive damages; and cap on punitive damages;

8. Assumption of risk; and

9. Lack of notice.

5. Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

(b) Completion of discovery.

**RESPONSE**: Contemporaneously with this filing, the parties are filing a Joint Rule 26(f) Report and will be submitting a proposed Consent Amended Scheduling Order to the Court for approval.

6. The parties shall inform the Court whether there are any special circumstances that would affect the time frames applied in preparing the scheduling order.

**RESPONSE**: The parties expect that Plaintiff will amend his Complaint to add an additional Defendant, Stay Alert Safety Services, LLC.

7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**RESPONSE**: None at this time.

<table>
<tr><td>

*s/Jonathan Graham*

Jonathan Graham, FED ID#13969
Cooper Klaasmeyer, FED ID#14272
Morgan & Morgan, P.A.
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Tel: (843) 973-5438
Email: jgraham@forthepeople.com
Email: cooper.klaasmeyer@forthepeople.com
Attorneys for Plaintiff

</td><td>

*s/Brandon P. Jones*

Brandon P. Jones, FED ID#10884
Holder Padgett Littlejohn + Prickett, LLC
2422 Devine Street, Suite A
Columbia, SC 29205
Tel: (803) 567-1130
Email: bjones@hplplaw.com
Attorney for Defendant

</td></tr>
</table>

Dated: April 3, 2026

4