IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION
CIVIL ACTION NO.: 9:26-CV-00093-RMG

| | |
|---|---|
| Andre Williams, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) **Plaintiff's First Amended Complaint** |
| vs. | ) |
| | ) |
| Eurovia Atlantic Coast, LLC, and Stay Alert | ) |
| Safety Services, LLC, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Andre Williams, by and through undersigned counsel, complains of Defendants

Eurovia Atlantic Coast, LLC, and Stay Alert Safety Services, LLC, and alleges as follows:

## PARTIES, VENUE, AND JURISDICTION

1.     Plaintiff Andre Williams ("Plaintiff") was injured in the crash that is the subject

of this action (the "Crash"). At all relevant times, Plaintiff has been a resident and citizen of

Georgia.

2.     Defendant Eurovia Atlantic Coast, LLC ("Defendant Eurovia"), was the corporate

contractor hired to perform the road construction in this case. At all relevant times, Defendant

Eurovia has been a foreign limited liability company formed in the state of Delaware and

registered to do business in South Carolina.

3.     Defendant Stay Alert Safety Services, LLC ("Defendant Stay Alert"), was the

subcontractor of Defendant Eurovia responsible for installing the traffic control devices which

forced Plaintiff Williams off the road and caused the Crash. At all relevant times, Defendant Stay Alert has been a foreign limited liability company formed in the state of Delaware and registered to do business in South Carolina.

4.     Venue is proper in the Beaufort Division of the District of South Carolina because the acts and omissions giving rise to the action occurred in Jasper County.

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332(a). The amount in controversy exceeds $75,000, exclusive of costs and interests because Plaintiff Williams has suffered more than $50,000 in medical bills alone, and Plaintiff Williams is not a citizen of the same state as any defendant.

6.     This Court has (or will obtain upon service) personal jurisdiction over the Defendants. Defendant Eurovia has already consented to this Court's jurisdiction by removing the original action from state court. Defendant Stay Alert has sufficient minimum contacts with South Carolina to support personal jurisdiction because Defendant Stay Alert maintains an office in South Carolina and this Crash arises out of Defendant Stay Alert's conduct within South Carolina.

## GENERAL FACTUAL ALLEGATIONS

7.     On or around July 10 and 11, 2023, Defendant Eurovia and its subcontractor Defendant Stay Alert were performing road construction on Interstate 95 and the Exit 33 Ramp.

8.     Around that time, Defendant Eurovia or Defendant Stay Alert, through their employees, placed cones and other traffic control devices on Interstate 95 near the Exit 33 Ramp. The cones were placed to close off certain lanes of travel for construction

9.     Defendant Eurovia or Defendant Stay Alert, through their employees, placed those cones and other traffic control devices in such a way as to encroach on the remaining lane of

travel.

10.     As Plaintiff Williams approached the Exit 33 Ramp, the improperly placed cones forced him to attempt to maneuver his vehicle around the road obstruction, effectively forcing him off the road where he lost control of his commercial motor vehicle.

11.     Due to the negligently placed cones forcing him off the road, Plaintiff Williams' commercial motor vehicle flipped multiple times, causing Plaintiff Williams bodily injury requiring medical treatment.

**FOR A FIRST CAUSE OF ACTION**
(Negligence/Recklessness, Negligence Per Se Against all Defendants)

12.     Plaintiff realleges and reincorporates the preceding paragraphs as if repeated verbatim here.

13.     Defendants owed a duty to Plaintiff to perform road construction in a safe and reasonable manner, and in accordance with all state and federal laws and regulations.

14.     Defendants breached their duty to use due care in performing the road construction and were negligent, negligent per se, reckless, willful, and/or wanton in numerous particulars, including but not limited to:

   a.   Failing to provide reasonable warning to Plaintiff of the danger posed by the road construction, about which Defendants were aware but Plaintiff was not;

   b.   Failing to use the degree of care and skill that a reasonable person would have used under the same or similar circumstances;

   c.   Acting with conscious disregard for the safety of others, including Plaintiff;

   d.   Acting in violation of applicable state and federal statutes and regulations; and

   e.   Committing other acts and omissions as discovery may reveal and the

evidence at trial may show.

15.     Defendants' acts and omissions were the direct and proximate cause of Plaintiff's injuries and damages claimed herein.

16.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered severe physical injuries which have caused, and in the future will cause, Plaintiff to suffer the following damages:

    a.   Physical pain and suffering;

    b.   Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing;

    c.   Loss of wages and/or earning capacity;

    d.   Substantial expenses for past and future medical services;

    e.   Mental anguish, emotional distress, shock, and fear;

    f.   Other damages as will be shown in the discovery and trial of this case.

17.     Plaintiff is entitled to an award of all actual, consequential, and incidental damages against Defendants.

18.     Plaintiff is also entitled to an award of punitive damages against Defendants.

19.     Plaintiff is also entitled to an award of prejudgment interest against Defendants.

**WHEREFORE**, Plaintiff asks this Court to enter judgment against Defendants for the Plaintiff's actual and punitive damages in an amount to be determined by the jury, for the reasonable costs of this action, and for such other and further relief as the Court may deem just and proper.

[*Signature Page to Follow*]

**MORGAN & MORGAN, P.A.**
By:      /s/Jonathan Graham
Jonathan D. Graham
State Bar No. 105763
Federal Bar No. 13969
Cooper Klaasmeyer, Esq.
State Bar No. 105795
Federal Bar No. 14272
E-Mail: jgraham@forthepeople.com
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
(843) 947-6063
*Counsel for Plaintiff*

Charleston, SC

May 28, 2026.
North Charleston, SC