IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Andre Williams, | ) | C/A No.: 9:26-cv-00093-RMG |
| | ) | |
| Plaintiff, | ) | **DEFENDANT, EUROVIA ATLANTIC** |
| | ) | **COAST, LLC'S ANSWER TO** |
| v. | ) | **PLAINTIFF'S AMENDED** |
| | ) | **COMPLAINT AND CROSS-CLAIMS** |
| Eurovia Atlantic Coast, LLC, and Stay Alert | ) | **AGAINST DEFENDANT, STAY** |
| Safety Services, LLC, | ) | **ALERT SAFETY SERVICES, LLC** |
| | ) | |
| Defendants. | ) | **(JURY TRIAL DEMANDED)** |

TO:     JONATHAN GRAHAM, ESQUIRE, AND COOPER KLAASMEYER, ESQUIRE, ATTORNEYS FOR PLAINTIFF:

Defendant Eurovia Atlantic Coast, LLC (hereinafter "Eurovia"), by and through its undersigned counsel, not waiving, but specifically reserving its right to be heard under all Rule 12 Motions, answering the Amended Complaint herein, would respectfully show unto the Court that:

**FOR A FIRST DEFENSE**

1.     Each and every allegation contained within the Amended Complaint not hereinafter specifically admitted, qualified, or explained is denied.

2.     Eurovia lacks sufficient information to admit or deny the allegations of Paragraph 1 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

3.     Eurovia admits only so much of the allegations of Paragraph 2 of the Amended Complaint as would allege that Eurovia Atlantic Coast, LLC is an entity organized and existing under the laws of the State of Delaware and registered to do business in the State of South Carolina. Eurovia denies the remaining allegations of Paragraph 2 of the Amended Complaint as worded and demands strict proof thereof.

4.      Eurovia admits only so much of the allegations of Paragraph 3 of the Amended Complaint as would allege that Stay Alert Safety Services, LLC ("Defendant Stay Alert") was a subcontractor hired by Eurovia and which was responsible for traffic control on the project at issue in this action. Eurovia denies the remaining allegations of Paragraph 3 of the Amended Complaint and demands strict proof thereof.

5.      Eurovia admits the allegations of Paragraph 4 of the Amended Complaint as would allege that venue is proper in the Beaufort Division of the District of South Carolina and that the alleged acts or omissions giving rise to this action occurred in Jasper County.

6.      Eurovia admits only so much of the allegations of Paragraph 5 of the Amended Complaint as would allege that the alleged amount in controversy exceeds $75,000.00 and that the Plaintiff, upon information and belief, is not a citizen or any state of any named Defendant in this action  Eurovia denies the remaining allegations of Paragraph 5 of the Amended Complaint and demands strict proof thereof.

7.      Eurovia admits only so much of the allegations of Paragraph 6 of the Amended Complaint as would allege that this Court has personal jurisdiction over Eurovia and that Eurovia consented to this Court's jurisdiction by removing the action from state court. Eurovia lacks sufficient information to admit or deny the remaining allegations of Paragraph 6 of the Amended Complaint concerning Defendant Stay Alert and therefore, denies the same and demands strict proof thereof.

8.      Eurovia admits, upon information and belief, only so much of the allegations of Paragraph 7 of the Amended Complaint as would allege that road construction activities were being performed on Interstate 95 and around or near the Exit 33 Ramp during the relevant time

period. Eurovia denies the remaining allegations of Paragraph 7 of the Amended Complaint and demands strict proof thereof.

9. Eurovia admits only so much of the allegations of Paragraph 8 of the Amended Complaint as would allege that certain traffic control devices and cones were utilized in connection with the road construction project at issue in this action and that Defendant Stay Alert was responsible for said traffic control. Eurovia denies the remaining allegations of Paragraph 8 of the Amended Complaint and demands strict proof thereof.

10. Eurovia denies the allegations of Paragraph 9 of the Amended Complaint and demands strict proof thereof.

11. Eurovia denies the allegations of Paragraph 10 of the Amended Complaint and demands strict proof thereof.

12. Eurovia denies the allegations of Paragraph 11 of the Amended Complaint and demands strict proof thereof.

13. The allegations of Paragraph 12 of the Amended Complaint do not require a response. To the extent a response is deemed necessary, Eurovia denies the allegations of Paragraph 12 of the Amended Complaint to the extent they are inconsistent with its prior responses.

14. Eurovia denies the allegations of Paragraph 13 of the Amended Complaint as worded and demands strict proof thereof.

15. Eurovia denies the allegations of Paragraph 14 of the Amended Complaint, including subparagraphs (a) through (e), and demands strict proof thereof.

16. Eurovia denies the allegations of Paragraph 15 of the Amended Complaint and demands strict proof thereof.

17.     Eurovia denies the allegations of Paragraph 16 of the Amended Complaint, including subparagraphs (a) through (f), and demands strict proof thereof.

18.     Eurovia denies the allegations of Paragraph 17 of the Amended Complaint and demands strict proof thereof.

19.     Eurovia denies the allegations of Paragraph 18 of the Amended Complaint and demands strict proof thereof.

20.     Eurovia denies the allegations of Paragraph 19 of the Amended Complaint and demands strict proof thereof.

21.     Eurovia denies all remaining allegations contained within the Amended Complaint, including the Paragraph beginning, "WHEREFORE" (including all sub-parts thereto), including Plaintiff's prayers for judgment, actual, consequential, and punitive damages, costs, attorney's fees, an award for prejudgment interest or any other relief requested, and prays that the action against Eurovia be dismissed.

## FOR A SECOND DEFENSE

22.     The Amended Complaint fails to state a cause of action against Eurovia.

## FOR A THIRD DEFENSE

23.     The Amended Complaint fails to state a claim against Eurovia upon which relief can be granted.

## FOR A FOURTH DEFENSE

24.     Such injuries or losses as the Plaintiff sustained, if any, and the same are hereby expressly denied, were due to and caused by the contributory negligence, carelessness, recklessness, and wantonness of Plaintiff, and Eurovia pleads Plaintiff's contributory negligence as a complete bar to the action.

**FOR A FIFTH DEFENSE**

25.     Eurovia would further show, upon information and belief, and in the alternative, that if Eurovia was negligent, which Eurovia denies, then Plaintiff was likewise negligent and Plaintiff's negligence, carelessness, and recklessness directly and proximately caused Plaintiff's damages and injuries and that Plaintiff's negligence, carelessness, and recklessness exceed any negligence, carelessness, or recklessness on the part of Eurovia, and therefore, Eurovia pleads Plaintiff's greater degree of comparative fault as a complete bar to Plaintiff's recovery against Eurovia.

**FOR A SIXTH DEFENSE**

26.     If Eurovia was negligent in any respect, which is expressly denied, and if Eurovia's conduct operated as any cause of Plaintiff's injuries or damages, if any, which is also expressly denied, Eurovia is entitled to a determination as to the percentage of Plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct contributed to this accident and to a reduction of any amount awarded to Plaintiff equal to the percentage of Plaintiff's own negligence, gross negligence, recklessness, willful and wanton conduct.

**FOR A SEVENTH DEFENSE**

27.     Eurovia denies any negligence whatsoever and alleges that the sole negligent acts and omissions of Plaintiff were the sole and proximate cause of his own injuries and/or damages, if any.

28.     These acts and omissions by Plaintiff were the sole and proximate cause of his injuries and/or damages, if any, and therefore, the action against Eurovia should be dismissed.

## FOR AN EIGHTH DEFENSE

29.     Eurovia denies any negligence whatsoever and allege that the sole negligent acts of a third party or parties were the sole and proximate cause of injuries and damages to Plaintiff, if any, and any one or more of those parties caused the injuries and damages to Plaintiff.

30.     These acts and omissions by the third party or parties were the sole and proximate cause of any injuries or damages to Plaintiff, and therefore, the action against Eurovia should be dismissed.

## FOR A NINTH DEFENSE

31.     Eurovia asserts that even if it was negligent or reckless in any respect, which is expressly denied, it is not liable to Plaintiff for the resulting damages, if any, because of the intervening negligent, grossly negligent, reckless, willful and wanton acts of third parties, including those parties whose identities are or may be unknown at the present time, which negligent and reckless acts on their part were not reasonably foreseeable, and intervened and acted as the direct and proximate cause of the injuries and/or damages, if any, sustained by Plaintiff.

32.     Eurovia asserts that the intervening acts of a third party or parties were the sole and proximate cause of injuries and/or damages to Plaintiff and the action should be dismissed.

## FOR A TENTH DEFENSE

33.     Eurovia would show, upon information and belief, that the accident alleged in the Amended Complaint was an accident which was allegedly brought about by acts and events over which Eurovia could not have foreseen, and which Eurovia had no role in causing, and Eurovia, therefore, pleads the defense of unavoidable accident as it pertains to Eurovia.

## FOR AN ELEVENTH DEFENSE

34.     Eurovia would show the Plaintiff's claim for punitive damages is violative of the due process and equal protection laws of the United States Constitution and the Constitution of the State of South Carolina.

## FOR A TWELFTH DEFENSE

35.     Pursuant to S.C. CODE ANN. § 15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and/or compensatory damages.

## FOR A THIRTEENTH DEFENSE

36.     Any award of punitive damages should not exceed the greater of three (3) times the amount of compensatory damages as provided for in S.C. CODE ANN. § 15-32-530.

## FOR A FOURTEENTH DEFENSE

37.     The Plaintiff, at all times mentioned in the Amended Complaint, having full knowledge and conditions existing at or near the place where the alleged accident occurred, assumed the risk of injury to himself and others, in failing to use due care, in failing to keep a proper lookout, in failing to exercise a degree of care and caution that a reasonably prudent person would have used under the circumstances then and there prevailing, in failing to keep his vehicle under proper control, in driving too fast for conditions, in failing to comply with the traffic rules and regulations of the State of South Carolina and the South Carolina Department of Public Safety, and such other acts as may be discovered during the litigation of this matter; any injury or damages resulting from the accident complained of was sustained by Plaintiff by reason of such assumption of risk to himself or otherwise, and therefore, Plaintiff is barred from recovery.

## FOR A FIFTEENTH DEFENSE

38.     Eurovia hereby gives notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and thus, reserve the right to amend their Answer and Crossclaims to assert any such defenses.

## FOR A SIXTEENTH DEFENSE AND BY WAY OF CROSS-CLAIMS AGAINST DEFENDANT STAY ALERT SAFETY SERVICES, LLC

39.     Eurovia hereby realleges and incorporates all the allegations contained in the above Paragraphs as if fully set forth herein verbatim.

40.     Plaintiff filed an Amended Complaint against Eurovia and Stay Alert Safety Services, LLC, and such Amended Complaint is incorporated herein by reference.

41.     Eurovia expressly incorporates by reference its Answer to Plaintiff's Amended Complaint and repeats all allegations asserted therein as if fully set forth herein verbatim.

42.     This Court has jurisdiction over the claims asserted in these Crossclaims because the claims asserted herein are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

43.      Eurovia was, or may have been, a contractor for certain services that were undertaken in or around Jasper County, State of South Carolina, and around the alleged accident giving rise to this action.

44.     Upon information and belief, Defendant Stay Alert is an entity organized and existing under the laws of the State of Delaware and is authorized to conduct business in the State of South Carolina.

45.     Stay Alert was a subcontractor for Eurovia as it relates to the alleged work/project referenced herein and were responsible for various services as it relates to the work/project

referenced herein and at issue in this case, including, but not limited to, providing traffic control for the project at issue in this action.

46.     Stay Alert had a duty to exercise reasonable care in the performance of their work and services and expressly and impliedly warranted that their work and services would be executed and performed in accordance with all applicable codes, standards, specifications, accepted industry standards and guidelines, and all applicable laws and regulations applicable thereto.

47.      Plaintiff has alleged negligence against all Defendants in relation to an alleged accident that occurred on or about July 11, 2023, on or near Interstate 95 near the Exit 33 Ramp, in Jasper County, State of South Carolina.

48.     Plaintiff has alleged that as a result of the aforementioned alleged accident, he has suffered damages and losses as more fully set forth in the Amended Complaint, which is expressly incorporated herein by reference.

49.     Eurovia's Answer to the Amended Complaint denies the allegations set forth in Plaintiff's Amended Complaint. Nevertheless, in the event Eurovia is found liable to Plaintiff, which is expressly denied, then, as set forth below, Eurovia is entitled to indemnification and/or contribution for all settlements, judgments, costs, attorneys' fees, and/or other monies assessed against or expended by or on behalf of Eurovia in connection with this action.

**As a First Cause of Action Against Defendant Stay Alert Safety Services, LLC**
**(Negligence)**

50.     Eurovia re-alleges and fully incorporates by reference all preceding Paragraphs of its Answer and Crossclaims as fully as if repeated verbatim herein.

51.     Stay Alert was negligent, grossly negligent, careless and reckless in the supervision, construction, inspection, or supply of their work, materials, and/or services outlined above and

incorporated into the alleged project referenced herein on or around Interstate 95 near the Exit 33 Ramp in Jasper County, State of South Carolina.

52.     As a direct and proximate result of such negligence, gross negligence, carelessness and recklessness by Stay Alert, Eurovia has been damaged in the amount of monies it is adjudged to owe Plaintiff, or which it pays or may pay Plaintiff in settlement of Plaintiff's claims, plus the costs of investigating and defending Plaintiff's claims.

53.     Upon information and belief, Eurovia is entitled to judgment for actual damages against Stay Alert in the amount of monies it is adjudged to owe Plaintiff, or which it pays or may pay Plaintiff in settlement of Plaintiff's claims, as well as any and all fees and costs incurred in the investigation, defense, and settlement of the Plaintiff's claims.

### As a Second Cause of Action Against Defendant Stay Alert Safety Services, LLC
### (Breach of Contract)

54.     Eurovia re-alleges and fully incorporates by reference all preceding Paragraphs of their Answer and Crossclaims as fully as if repeated verbatim herein.

55.     Eurovia entered into a subcontract with Stay Alert which required Stay Alert to provide work and materials and services related to the alleged project referenced herein (hereinafter the "Subcontract").

56.     The Subcontract further required Stay Alert to supervise and direct their work using the best skill and attention.

57.     If the allegations of Plaintiff's Amended Complaint are proven to be true, then Stay Alert breached their Subcontract with Eurovia by failing to provide appropriate construction goods and services, by failing to perform and/or supervise their work in a careful, diligent, and workmanlike manner, and otherwise failing to provide work and services in connection with all contract documents and/or in failing to provide goods and services that were in conformity

with all appropriate codes, industry standards, laws and regulations, and other applicable statutes, legal authority, and standards/guidelines.

58.     As a direct and proximate result of these breaches by Stay Alert, Eurovia has incurred damages and losses in the amount of any monies it is adjudged to owe Plaintiff, or in which it pays or may pay Plaintiff in settlement or the Plaintiff's claims, plus the costs and fees associated with investigating and defending the Plaintiff's claims.

59.     Based on the foregoing, Eurovia seeks and is entitled to judgment against Stay Alert in the amount of any monies it is adjudged to owe Plaintiff, or which it pays or may pay the Plaintiff  in settlement of Plaintiff's claims, as well as all costs and fees incurred in the investigation, defense, and settlement of Plaintiff's claims.

### As a Third Cause of Action Against Defendant Stay Alert Safety Services, LLC (Indemnification)

60.     Eurovia re-alleges and fully incorporates by reference all preceding Paragraphs of their Answer and Crossclaims as fully as if repeated verbatim herein.

61.     Stay Alert's Subcontract with Eurovia required that Stay Alert indemnify Eurovia for claims arising out of Stay Alert's work on the alleged project referenced herein and would include the alleged accident giving rise to this action.

62.     Eurovia has now been sued by Plaintiff for claims arising out of Stay Alert's work on the alleged project referenced herein and would include the alleged accident giving rise to this action, for which Eurovia seeks and is entitled to be contractually indemnified.

63.     Alternative to the right of contractual indemnity, to the extent damages or losses were incurred by Plaintiff as a proximate result of Eurovia's work on the alleged project referenced herein, which is expressly denied, then the damages allegedly incurred by Plaintiff were due to the active and/or primary fault of Stay Alert, or their authorized agents, servants,

or employees, and not the fault of Eurovia, whose conduct, if any, was only secondary to the conduct of Stay Alert.

64. Based on the foregoing, to the extent liability or damages are imposed against Eurovia, it seeks and is entitled to be contractually and equitably indemnified by Stay Alert for any and all settlement payments issued by or on behalf of Eurovia to Plaintiff or any other party in this action, for any judgment Plaintiff obtain against Eurovia in this case, and for any and all attorneys' fees and costs incurred by Eurovia in defending this action.

### As a Fourth Cause of Action Against Defendants Stay Alert Safety Services, LLC (Contribution)

65. Eurovia re-alleges and fully incorporates by reference all preceding Paragraphs of their Answer and Crossclaims as fully as if repeated verbatim herein.

66. In the event that Eurovia is found liable to Plaintiff, which is denied, then any such liability was joint and concurring with the liability of Stay Alert and Eurovia is entitled to contribution, in whole or in part, from Stay Alert as provided by law.

WHEREFORE, having fully answered the Amended Complaint of the Plaintiff, Eurovia prays that the Plaintiff's action be dismissed, or in the alternative, for a jury trial, and for such other and further relief as this Court deems just and proper; and for judgment on its Crossclaims and causes of action against Defendant Stay Alert Services, LLC, including for recovery of actual damages, together with pre-judgment interest, costs, attorneys' fees, or in the alternative, for a jury trial, and for such other and further relief as this Court may deem just and proper.

*[Signature Page to Follow]*

Respectfully submitted,

**HOLDER PADGETT, LITTLEJOHN +
PRICKETT, LLC**
By:      /s/Brandon P. Jones
Brandon P. Jones, Esq.
FED ID #10884
2422 Devine St., Suite A
Columbia, SC 29205
(803) 567-1130
bjones@hplplaw.com

**AND**

**CLARKSON WALSH & CRUDUP**
By:      /s/Michelle Endemann
Michelle Endermann, Esq.
State Bar No. 79894
Elizabeth Pritchard, Esq.
State Bar No. 107076
497 St. Andrews Blvd.
Charleston, SC 29407
(843) 936-5043
michelle.endemann@clarksonwalsh.com
elizabeth.pritchard@clarksonwalsh.com

*Counsel for Defendant Eurovia Atlantic
Coast, LLC*

June 16, 2026