**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
DIVISION**

| | | |
|---|---|---|
| ANDRE WILLIAMS, | ) | **C.A. NO. 9:26-CV-00093-RMG** |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT STAY ALERT SAFETY SERVICES, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (JURY TRIAL REQUESTED)** |
| | ) | |
| EUROVIA ATLANTIC COAST, LLC, | ) | |
| AND STAY ALERT SAFETY | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| DEFENDANTS, | ) | |
| | ) | |

The Defendant above-named hereby answers the Plaintiff's Amended Complaint as follows:

1.      Each and every allegation of the Plaintiff's Amended Complaint not hereinafter expressly admitted, qualified and/or explained is denied.

2.      In response to Paragraph 1 of the Plaintiff's Amended Complaint, the Defendant admits only, on information and belief, the residency allegations contained therein. The Defendant lacks information sufficient to respond to the allegation that the Plaintiff was allegedly injured in the accident that is the subject of this action; accordingly, those allegations are denied and strict proof thereof is demanded. By way of further response, to the extent that Paragraph 1 of the Plaintiff's Amended Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

3.      Paragraph 2 of the Plaintiff's Amended Complaint is not directed to the Defendant; accordingly, no response is required from the Defendant. By way of further response,

to the extent that Paragraph 2 of the Plaintiff's Amended Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

4. In response to Paragraph 3 of the Plaintiff's Amended Complaint, the Defendant craves reference to the terms of the contract referenced therein and denies any allegations inconsistent therewith. Answering further, the Defendant admits only that it is a North Carolina entity which does some business in South Carolina. By way of further response, to the extent that Paragraph 3 of the Plaintiff's Amended Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

5. Paragraphs 4, 5 and 6 of the Plaintiff's Amended Complaint are statements and/or conclusions of law, and the Defendant is not required to admit or deny the same. By way of further response, to the extent that Paragraphs 4, 5 and 6 of the Plaintiff's Amended Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

6. In response to Paragraphs 7 and 8 of the Plaintiff's Amended Complaint, the Defendant admits only, upon information and belief, that work may have been performed at or near the subject location in accordance with the applicable contract referenced therein. Answering further, the Defendant craves reference to the contract referenced therein and denies any allegations inconsistent with the same. By way of further response, to the extent that Paragraphs 7 and 8 of the Plaintiff's Amended Complaint attempt to allege or does allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

7.     The Defendant denies the allegations contained in Paragraphs 9, 10 and 11 of the Plaintiff's Amended Complaint and strict proof thereof is demanded.

8.     In response to Paragraph 12 of the Cross-Claimant's Amended Complaint, the Defendant reiterates each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

9.     Paragraph 13 of the Plaintiff's Amended Complaint is a statement and/or conclusion of law and the Defendant is not required to admit and/or deny the same.  By way of further response, to the extent that Paragraph 13 of the Plaintiff's Amended Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

10.     The Defendant denies the allegations contained in Paragraphs 14, 15, 16, 17, 18 and 19 of the Plaintiff's Amended Complaint and strict proof thereof is demanded.

11.     The Defendant also denies the allegations contained in the "Wherefore" Paragraphs of the Plaintiff's Amended Complaint, which is the remainder of the Plaintiff's Amended Complaint, and strict proof thereof is demanded.

<u>FURTHER ANSWERING AND FOR A FURTHER<br>AND AFFIRMATIVE DEFENSE</u><br>(Comparative Negligence)

12.     The Defendant, on information and belief, would allege and show that any injuries and damages sustained by the Plaintiff as alleged in the Amended Complaint, which are denied, were due to and were caused and occasioned by the Plaintiff's own acts of comparative negligence, which acts on the part of the Plaintiff combined and contributed and concurred with any negligence on the part of the Defendant, which is denied, without which the alleged incident and resulting alleged damages would not have occurred or have been sustained, and the

Defendant does plead such comparative negligence as the direct and proximate cause of the injuries and damages sustained by the Plaintiff as alleged in the Amended Complaint. Accordingly, the Defendant is entitled to a determination as to the percentage with which the Plaintiff's own comparative negligence contributed to this incident and the Plaintiff's alleged injuries and damages and to the reduction of any sum awarded to the Plaintiff by an amount equal to the percentage of the Plaintiff's own comparatively negligent conduct.

<u>FURTHER ANSWERING AND FOR A FURTHER</u>
<u>AND AFFIRMATIVE DEFENSE</u>
(Unconstitutionality of Punitive Damages)

13.     The Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, and Fourteenth Amendments of the Constitution of the United States in the following particulars:

    a.     The Plaintiff's claim for punitive damages violates the Fifth Amendment for the following reasons:

        i)     The double-jeopardy clause is violated because multiple awards of punitive damages can be imposed upon the Defendant for the same act or omission, and because an award of punitive damages can be imposed upon the Defendant, even though the Defendant was convicted or acquitted of a factually related defense in an underlying criminal proceeding; and

        ii)     The self-incrimination clause is violated because Defendant can be compelled to give testimony against itself;

    b.     The Plaintiff's claim for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed according to the lesser standard of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature and, as such require the "beyond the reasonable doubt" standard of proof;

    c.     The Plaintiff's claim for punitive damages violates the Defendant's rights to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the Defendant's exercise of those rights;

d. The Plaintiff's claim for punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment for the following reasons:

i) The standard or test for determining the requisite mental state of defendant for imposition of punitive damages is void for vagueness;

ii) Insofar as punitive damages are not measured against actual injury to the Plaintiff and are left up to the discretion of the jury, there is no objective standard that limits the amount of such damages that may be awarded, and the amount of punitive damages that may be awarded is indeterminate at the time of Defendant's alleged egregious conduct;

iii) In cases involving more than one defendant, the evidence of the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given defendant;

iv) The tests or standards for the imposition of punitive damages differ from state to state, such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which the suit is filed, such that the defendant is denied equal protection of law; and

v) Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive.

### FURTHER ANSWERING AND FOR A FURTHER AND AFFIRMATIVE DEFENSE
(Improper Claim for Punitive Damages)

14. Punitive damages are inappropriate in this case since the Defendant did not engage in any malicious, reckless, wrongful or intentional conduct upon which an award of punitive damages would be based.

### FURTHER ANSWERING AND FOR A FURTHER AND AFFIRMATIVE DEFENSE
(S.C. Code Ann. 15-32-520 and S.C. Code Ann. 15-32-530)

15.    The Defendant pleads the limitations on damage awards found in S.C. Code Ann. 15-32-530, and additionally reserve the right to request bifurcation in accordance with S.C. Code Ann. 15-32-520 during the course of this litigation.

### FURTHER ANSWERING AND FOR A FURTHER AND AFFIRMATIVE DEFENSE
(Failure to State a Claim)

16.    The Plaintiff's Amended Complaint fails to state any claims upon which relief can be granted as to the Defendant, and the Plaintiff's Amended Complaint should, therefore, be dismissed pursuant to Rule 12(b)(6), *FRCP*.

### FURTHER ANSWERING AND FOR A FURTHER AND AFFIRMATIVE DEFENSE
(Intervening and Superseding Negligence)

17.    The Defendant would allege and show that any injuries and damages sustained by the Plaintiff as alleged in the Amended Complaint, which are denied, were due to and were caused and occasioned by the intervening and superseding negligence of some other party or parties over whom the Defendant had no supervision or control, and the Defendant does plead such intervening and superseding negligence as the direct and proximate cause of the injuries and damages sustained by the Plaintiff as alleged in the Amended Complaint.

### FURTHER ANSWERING AND FOR A FURTHER AND AFFIRMATIVE DEFENSE
(Assumption of the Risk)

18.    The Plaintiff's claims are barred by the doctrine of assumption of the risk.

<u>FURTHER ANSWERING AND FOR A FURTHER</u>
<u>AND AFFIRMATIVE DEFENSE</u>
(Open and Obvious)

19.    The Plaintiff's claims are barred because the alleged condition was open and obvious.

<u>FURTHER ANSWERING AND FOR A FURTHER</u>
<u>AND AFFIRMATIVE DEFENSE</u>
(Set-Off)

20.    The Defendant claims its right to set off, settlement or judgment credits, to the extent applicable and allowed pursuant to South Carolina law.

<u>FURTHER ANSWERING AND FOR A FURTHER</u>
<u>AND AFFIRMATIVE DEFENSE</u>
(Sudden Emergency/Unavoidable Accident)

21.    The Defendant would allege and show that the accident was a sudden emergency and/or unavoidable accident, and that, accordingly, the Plaintiff is barred from recovery.

<u>FURTHER ANSWERING AND FOR A FURTHER</u>
<u>AND AFFIRMATIVE DEFENSE</u>
(Substantial Compliance)

22.    The Defendant would allege and show that it has substantially performed all requirements, contractual or otherwise, in a reasonable manner.

<u>FURTHER ANSWERING AND FOR A FURTHER</u>
<u>AND AFFIRMATIVE DEFENSE</u>
(Election of Remedies)

23.    The Plaintiff should be required to elect between her causes of action.

<u>FURTHER ANSWERING AND FOR A FURTHER</u>
<u>AND AFFIRMATIVE DEFENSE</u>
(Laches, Waiver and/or Estoppel)

24.    The Plaintiff's claims are barred by the doctrines of laches, waiver and/or estoppel.

### FURTHER ANSWERING AND FOR A FURTHER AND AFFIRMATIVE DEFENSE
(Compliance with Industry Standards)

25.     The Defendant would allege and show that it complied with industry customs, practices and standards.

### FURTHER ANSWERING AND FOR A FURTHER AND AFFIRMATIVE DEFENSE
(Mitigation of Damages)

26.     The Plaintiff is barred from relief to the extent, if any, he has failed or fails to mitigate alleged damages.

### FURTHER ANSWERING AND FOR A FURTHER AND AFFIRMATIVE DEFENSE
(Incorporation of Defenses)

27.     The Defendant hereby gives notice that it fully incorporates all defenses asserted by the other Defendants in this action, as fully and completely as if set forth herein verbatim.

### FURTHER ANSWERING AND FOR A FURTHER AND AFFIRMATIVE DEFENSE
(Reliance on Other Defenses)

28.     The Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserve the right to amend its Answer to assert any such defenses.

WHEREFORE, having fully answered the Plaintiff's Amended Complaint, the Defendant prays that the same be dismissed, together with the costs and disbursements of this action, and for such other and further relief as this Court deems proper. The Defendant also requests a trial by jury.

CLEMENT RIVERS, LLP

By: s/*Duke R. Highfield*
Duke R. Highfield, FedID 5654
Victoria L. Anderson, FedID 11708
Christian E. Carey, FedID 14581
25 Calhoun Street, Suite 400
Charleston, SC  29401
(843) 720-5456
dhighfield@ycrlaw.com
tanderson@ycrlaw.com
ccarey@ycrlaw.com
Attorneys for Stay Alert Safety Services, Inc.

Charleston, South Carolina

July 27, 2026