**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
DIVISION**

| | | |
|---|---|---|
| ANDRE WILLIAMS, | ) | **C.A. NO. 9:26-CV-00093-RMG** |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **DEFENDANT STAY ALERT SAFETY** |
| vs. | ) | **SERVICES, LLC'S ANSWER TO** |
| | ) | **EUROVIA ATLANTIC COAST, LLC'S** |
| EUROVIA ATLANTIC COAST, LLC, | ) | **CROSS-CLAIM** |
| AND STAY ALERT SAFETY | ) | **(JURY TRIAL DEMANDED)** |
| SERVICES, LLC, | ) | |
| | ) | |
| DEFENDANTS, | ) | |
| | ) | |

Stay Alert Safety Services, Inc. ("Stay Alert" or "Defendant") hereby replies to Eurovia Atlantic Coast, LLC's ("Cross-Claimant") Cross-Claim as follows:

1.      Each and every allegation of Eurovia Atlantic Coast, LLC's Cross-Claim not hereinafter expressly admitted, qualified and/or explained is denied.

2.      Paragraphs 1 through 38 of Eurovia Atlantic Coast, LLC's Cross-Claim consist of Eurovia Atlantic Coast, LLC's Answer to the Plaintiff's Amended Complaint, and accordingly, do not require a response from the Defendant. By way of further response, to the extent that Paragraphs 1 through 38 of Eurovia Atlantic Coast, LLC's Cross-Claim attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

3.      In response to Paragraph 39 of the Third-Party Complaint, the Defendant reiterates each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

4.      In response to Paragraph 40 of Eurovia Atlantic Coast, LLC's Cross-Claim, the Defendant admits only that the Plaintiff filed an Amended Complaint making allegations against the Cross-Claimant and that the allegations in the Plaintiff's Amended Complaint that can be construed to make allegations against the Defendant are denied and strict proof thereof is demanded. By way of further response, to the extent that Paragraph 40 of the Third-Party Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

5.      In response to Paragraph 41 of Eurovia Atlantic Coast, LLC's Cross-Claim, the Defendant admits only that the Cross-Claimant filed an Answer to the Plaintiff's Amended Complaint, but to the extent the Cross-Claimant's Answer can be construed to make allegations against the Defendant, those allegations are denied and strict proof thereof is demanded.  To the extent that Paragraph 41 of Eurovia Atlantic Coast, LLC's Cross-Claim attempts to allege or does allege any cause of action, claim, act, error or omission as to this Defendant, those allegations are denied, and strict proof thereof is demanded.

6.      Paragraph 42 of Eurovia Atlantic Coast, LLC's Cross-Claim is a statement and/or conclusion of law and the Defendant is not required to admit and/or deny the same. By way of further response, to the extent that Paragraph 42 of Eurovia Atlantic Coast, LLC's Cross-Claim attempts to allege or does allege any cause of action, claim, act, error or omission as to this Defendant, those allegations are denied, and strict proof thereof is demanded.

7.      In response to Paragraph 43 of Eurovia Atlantic Coast, LLC's Cross-Claim, the Defendant craves reference to the contract(s) referenced therein and denies any allegations inconsistent with the same.  By way of further response, to the extent that Paragraph 43 of Eurovia Atlantic Coast, LLC's Cross-Claim attempts to allege or does allege any cause of action,

claim, act, error or omission as to this Defendant, those allegations are denied, and strict proof thereof is demanded.

8.      In response to Paragraph 44 of Eurovia Atlantic Coast, LLC's Cross-Claim, the Defendant admits only that it is a North Carolina entity which does some business in South Carolina.  By way of further response, to the extent that Paragraph 44 of Eurovia Atlantic Coast, LLC's Cross-Claim attempts to allege or does allege any cause of action, claim, act, error or omission as to this Defendant, those allegations are denied, and strict proof thereof is demanded.

9.      In response to Paragraph 45 of Eurovia Atlantic Coast, LLC's Cross-Claim, the Defendant craves reference to the contract(s) referenced therein and denies any allegations inconsistent with the same. By way of further response, to the extent that Paragraph 45 of Eurovia Atlantic Coast, LLC's Cross-Claim attempts to allege or does allege any cause of action, claim, act, error or omission as to this Defendant, those allegations are denied, and strict proof thereof is demanded.

10.     Paragraph 46 of Eurovia Atlantic Coast, LLC's Cross-Claim is a statement and/or conclusion of law and the Defendant is not required to admit and/or deny the same.  By way of further response, to the extent that Paragraph 46 of Eurovia Atlantic Coast, LLC's Cross-Claim attempts to allege or does allege any cause of action, claim, act, error or omission as to this Defendant, those allegations are denied, and strict proof thereof is demanded.

11.     In response to Paragraphs 47 and 48 of Eurovia Atlantic Coast, LLC's Cross-Claim the Defendant admits only that the Plaintiff has made allegations against the Defendants and to the extent any of the Plaintiff's allegations can be construed to make allegations against the Defendant, those allegations are denied and strict proof thereof is demanded.  By way of further response, to the extent that Paragraphs 47 and 48 of Eurovia Atlantic Coast, LLC's Cross-Claim attempt to

allege or do allege any cause of action, claim, act, error or omission as to this Defendant, those allegations are denied, and strict proof thereof is demanded.

12. The Defendant denies the allegations contained in Paragraph 49 of Eurovia Atlantic Coast, LLC's Cross-Claim and strict proof thereof is demanded.

13. In response to Paragraph 50 of the Cross-Claimant's Amended Complaint, the Defendant reiterates each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

14. The Defendant denies the allegations contained in Paragraphs 51, 52, and 53 of Eurovia Atlantic Coast, LLC's Cross-Claim and strict proof thereof is demanded.

15. In response to Paragraph 54 of Eurovia Atlantic Coast, LLC's Cross-Claim, the Defendant reiterates each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

16. In response to Paragraphs 55 and 56 of Eurovia Atlantic Coast, LLC's Cross-Claim, the Defendant craves reference to the contract(s) referenced therein and denies any allegations inconsistent with the same. By way of further response, to the extent that Paragraphs 55 and 56 of Eurovia Atlantic Coast, LLC's Cross-Claim attempt to allege or do allege any cause of action, claim, act, error or omission as to this Defendant, those allegations are denied, and strict proof thereof is demanded.

17. Defendant denies the allegations contained in Paragraphs 57, 58, and 59 of Eurovia Atlantic Coast, LLC's Cross-Claim and strict proof thereof is demanded.

18. In response to Paragraph 60 of Eurovia Atlantic Coast, LLC's Cross-Claim, the Defendant reiterates each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

19.     In response to Paragraph 61 of Eurovia Atlantic Coast, LLC's Cross-Claim, the Defendant craves reference to the contract(s) referenced therein and denies any allegations inconsistent with the same.  By way of further response, to the extent that Paragraph 61 of Eurovia Atlantic Coast, LLC's Cross-Claim attempts to allege or does allege any cause of action, claim, act, error or omission as to this Defendant, those allegations are denied, and strict proof thereof is demanded.

20.     The Defendant denies the allegations contained in Paragraphs 62, 63, and 64 of Eurovia Atlantic Coast, LLC's Cross-Claim and strict proof thereof is demanded.

21.     In response to Paragraph 65 of Eurovia Atlantic Coast, LLC's Cross-Claim, the Defendant reiterates each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

22.     Defendant denies the allegations contained in Paragraph 66 of Eurovia Atlantic Coast, LLC's Cross-Claim and strict proof thereof is demanded.

23.     The Defendant denies the allegations contained in the "Wherefore" Paragraph of Eurovia Atlantic Coast, LLC's Cross-Claim, which is the remainder of Eurovia Atlantic Coast, LLC's Cross-Claim, and strict proof thereof is demanded.

<u>FURTHER ANSWERING AND FOR A FURTHER<br>AND AFFIRMATIVE DEFENSE</u><br>(Comparative Negligence)

24.     The Defendant, on information and belief, would allege and show that any injuries and damages sustained by the Plaintiff and/or Cross-Claimant as alleged in the Plaintiff's Amended Complaint and/or Eurovia Atlantic Coast, LLC's Cross-Claim, which are denied, were due to and were caused and occasioned by the Plaintiff's and/or Cross-Claimant's own acts of comparative negligence, which acts on the part of the Plaintiff and/or Cross-Claimant combined

and contributed and concurred with any negligence on the part of this Defendant, which is denied, without which the alleged incident and resulting alleged damages would not have occurred or have been sustained, and the Defendant does plead such comparative negligence on the part of the Plaintiff and/or Cross-Claimant as the direct and proximate cause of the injuries and damages sustained by the Plaintiff and/or Cross-Claimant as alleged in the Plaintiff's Amended Complaint and/or Eurovia Atlantic Coast, LLC's Cross-Claim.   Accordingly, the Defendant is entitled to a determination as to the percentage with which the Plaintiff's and/or Cross-Claimant's own comparative negligence contributed to this alleged incident and the Plaintiff's and/or Cross-Claimant's alleged injuries and damages and to the reduction of any sum awarded to the Plaintiff and/or Cross-Claimant by an amount equal to the percentage of Plaintiff's and/or Cross-Claimant's own comparatively negligent conduct.

<u>FURTHER ANSWERING AND FOR A FURTHER</u>
<u>AND AFFIRMATIVE DEFENSE</u>
(Intervening and Superseding Negligence)

25.     The Defendant would allege and show that any injuries and damages sustained by the Plaintiff and/or Cross-Claimant as alleged in the Plaintiff's Amended Complaint and/or Eurovia Atlantic Coast, LLC's Cross-Claim, which are denied, were due to and were caused and occasioned by the intervening and superseding negligence of some other party or parties over whom the Defendant had no supervision or control, and the Defendant does plead such intervening and superseding negligence as the direct and proximate cause of the injuries and damages sustained by the Plaintiff and/or Cross-Claimant as alleged in the Plaintiff's Amended Complaint and/or Eurovia Atlantic Coast, LLC's Cross-Claim.

<u>FURTHER ANSWERING AND FOR A FURTHER</u>
<u>AND AFFIRMATIVE DEFENSE</u>
(No Duty to Warn of the Unknowable)

26.     The Defendant had no duty to warn about possible dangers or hazards, if any, which were not known or which were not capable of being known.

### FURTHER ANSWERING AND FOR
### A FURTHER AND AFFIRMATIVE DEFENSE
(Failure to State a Claim)

27.     The Plaintiff's Amended Complaint and/or Eurovia Atlantic Coast, LLC's Cross-Claim fail to state any claims upon which relief can be granted as to the Defendant, and Eurovia Atlantic Coast, LLC, and/or Blythe Construction, Inc.'s Third-Party Complaint should, therefore, be dismissed pursuant to Rule 12(b)(6), FRCP.

### FURTHER ANSWERING AND FOR A FURTHER
### AND AFFIRMATIVE DEFENSE
(Substantial Compliance)

28.     The Defendant would allege and show that it has substantially performed all requirements, contractual or otherwise, in a reasonable manner.

### FURTHER ANSWERING AND FOR A FURTHER
### AND AFFIRMATIVE DEFENSE:
(Set-off)

29.     The Defendant claims its right to set off, settlement or judgment credits, to the extent applicable and allowed pursuant to South Carolina law.

### FURTHER ANSWERING AND FOR A FURTHER
### AND AFFIRMATIVE DEFENSE
(Election of Remedies)

30.     The Plaintiff and/or Cross-Claimant should be required to elect between their causes of action.

### FURTHER ANSWERING AND FOR A FURTHER
### AND AFFIRMATIVE DEFENSE
(Laches, Waiver and/or Estoppel)

31. The Plaintiff's and/or Cross-Claimant's claims are barred by the doctrines of laches, waiver and/or estoppel.

### FURTHER ANSWERING AND FOR A FURTHER AND AFFIRMATIVE DEFENSE
(Compliance with Industry Standards)

32. The Defendant would allege and show that it complied with industry customs, practices and standards.

### FURTHER ANSWERING AND FOR A FURTHER AND AFFIRMATIVE DEFENSE
(Mitigation of Damages)

33. The Plaintiff and/or Cross-Claimant are barred from relief to the extent, if any, they have failed or fail to mitigate alleged damages.

### FURTHER ANSWERING AND FOR A FURTHER AND AFFIRMATIVE DEFENSE
(Duties Defined By Contract)

34. The Defendant would allege and show that if these parties had a contract, then Eurovia Atlantic Coast, LLC's Cross-Claim fails to state a claim upon which relief can be granted because no duties are owed except those defined by the contract.

### FURTHER ANSWERING AND FOR A FURTHER AND AFFIRMATIVE DEFENSE
(Contractual Compliance)

35. The Defendant would allege and show full compliance with contractual duties, if any, and that no damages arise from any breach of any contract at issue.

### FURTHER ANSWERING AND FOR A FURTHER AND AFFIRMATIVE DEFENSE
(Existence of Express Contract)

36. The existence of an express contract for indemnity bars claims for equitable indemnity and/or indemnity based upon alleged negligence.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Public Policy)

37.     Some or all of the indemnity agreement, if any, contained in the applicable agreement assigned to the Defendant is unenforceable as it violates the public policy of the State of South Carolina.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Dispute Resolution/Improper Forum)

38.     The Plaintiff's claims may be subject to the terms of a mandatory mediation/arbitration pursuant to the terms of the applicable agreement(s).

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Not Ripe)

39.     Eurovia Atlantic Coast, LLC's Cross-Claim for indemnity and/or contribution are not ripe for adjudication and are, accordingly, premature for consideration.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Incorporation)

40.     The Defendant hereby incorporates by reference all defenses asserted all parties/ Defendants in the above-referenced action.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Assumption of the Risk/Open and Obvious)

41.     The Defendant would allege and show that the Plaintiff and/or Cross-Claimant were, at all times, fully aware of the alleged dangers as set forth in the Amended Complaint and/or Third-Party Complaint, and that the Plaintiff and/or Cross-Claimant were negligent and careless in failing to take necessary precautions and that the Plaintiff and/or Cross-Claimant assumed any alleged risk incident to the allegations set forth in the Amended Complaint, and that this negligent, careless, reckless, heedless, willful and wanton assumption of the risk was the proximate cause of the Plaintiff's and/or Cross-Claimant's alleged injuries and damages as set forth in the Amended Complaint and/or Third-Party Complaint; therefore, the Plaintiff and/or Cross-Claimant are herein barred from recovery.

## FURTHER ANSWERING AND FOR A FURTHER
## AND AFFIRMATIVE DEFENSE
### (Breach of Warranties)

42.     On information and belief, any and all alleged warranties were effectively excluded, modified and/or disclaimed.

## FURTHER ANSWERING AND FOR A FURTHER
## AND AFFIRMATIVE DEFENSE
### (No Warranties Expressed)

43.     The Defendant would allege and show that it made no warranties of any kind, express or implied, or any representation of any nature to the Plaintiff and/or Cross-Claimant, and such constitutes a complete defense to the Plaintiff's and Cross-Claimant's Amended Complaint(s).

## FURTHER ANSWERING AND FOR A FURTHER
## AND AFFIRMATIVE DEFENSE
### (No Reliance on Warranties)

44.     If the Defendant made any warranties to the Plaintiff/Cross-Claimant, which is denied, the Plaintiff's/Cross-Claimant's claims for breach of warranties are barred because the Plaintiff/Cross-Claimant did not rely on any warranties allegedly made by the Defendant.

<u>FURTHER ANSWERING AND FOR A FURTHER<br>AND AFFIRMATIVE DEFENSE</u><br>(Unconstitutionality of Punitive Damages)

45.     Any claim for punitive damages violates the Fifth, Sixth, Seventh, and Fourteenth Amendments of the Constitution of the United States in the following particulars:

      a.    The claim for punitive damages violates the Fifth Amendment for the following reasons:

           i)    The double-jeopardy clause is violated because multiple awards of punitive damages can be imposed upon the Defendant for the same act or omission, and because an award of punitive damages can be imposed upon the Defendant, even though the Defendant was convicted or acquitted of a factually related defense in an underlying criminal proceeding; and

           ii)    The self-incrimination clause is violated because the Defendant can be compelled to give testimony against itself;

      b.    The claim for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed according to the lesser standard of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature and, as such require the "beyond the reasonable doubt" standard of proof;

      c.    The claim for punitive damages violates the Defendant's right to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the Defendant's exercise of that right;

      d.    The claim for punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment for the following reasons:

i)       The standard or test for determining the requisite mental state of defendant for imposition of punitive damages is void for vagueness;

ii)      Insofar as punitive damages are not measured against actual injury to the any party and is left up to the discretion of the jury, there is no objective standard that limits the amount of such damages that may be awarded, and the amount of punitive damages that may be awarded is indeterminate at the time of the Defendant's alleged egregious conduct;

iii)     In cases involving more than one defendant, the evidence of the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given defendant;

iv)     The tests or standards for the imposition of punitive damages differ from state to state, such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which the suit is filed, such that the Defendant is denied equal protection of law; and

v)      Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive.

<u>FURTHER ANSWERING AND FOR A FURTHER<br>AND AFFIRMATIVE DEFENSE</u><br>(Improper Claim for Punitive Damages)

46.    Punitive damages are inappropriate in this case because the Defendant did not engage in any malicious, reckless, wrongful or intentional conduct upon which an award of punitive damages would be based.

<u>FURTHER ANSWERING AND FOR A FURTHER<br>AND AFFIRMATIVE DEFENSE</u><br>(Reliance on Additional Defenses)

47.    The Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and thus reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, having fully answered Eurovia Atlantic Coast, LLC's Cross-Claim, the Defendant prays that the same be dismissed, together with the costs and disbursements of this action, and for such other and further relief as this Court deems proper. The Defendant also requests a trial by jury.

CLEMENT RIVERS, LLP


By: s/*Duke R. Highfield*
Duke R. Highfield, FedID 5654
Victoria L. Anderson, FedID 11708
Christian E. Carey, FedID 14581
25 Calhoun Street, Suite 400
Charleston, SC  29401
(843) 720-5456
dhighfield@ycrlaw.com
tanderson@ycrlaw.com
ccarey@ycrlaw.com
Attorneys for Stay Alert Safety Services, Inc.

Charleston, South Carolina

July 27, 2026